Samuel G. MEGGS, Plaintiff,

v.

James E. BEST, Defendant.

Paul Edmund GRAY, Plaintiff,

v.

James E. BEST, Defendant.

Civ. A. Nos. CV183–36–42 and CV183–43–44.

United States District Court,
S.D. Georgia,
Augusta Division.

April 22, 1983.

Samuel G. Meggs, pro se.

Paul Edmund Gray, pro se.

Wyck A. Knox, Jr., Knox & Zacks, Augusta, Ga., for defendant.

## ORDER

BOWEN, District Judge.

Defendant Best has moved for summary judgment in each of the above-styled actions. Having given the *pro se* plaintiffs in these cases an adequate opportunity to be heard,[1] these matters are now ripe for adjudication.[2]

Summary judgment is appropriate if it appears that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. It is clear from the depositions of the plaintiffs and from the remainder of the record that in each of these cases the plaintiffs are suing for an amount of tax which was subtracted from the plaintiffs' wages and remitted to the government. (*Deposition of Paul Edmund Gray* at 9–10; *Deposition of Samuel G. Meggs* at 16.) It is also apparent that defendant Best is named as the defendant in these cases solely because of his position as paymaster for Walsh Construction Company, the plaintiffs' employer.[3]

---

1. In an order dated March 7, 1983, the *pro se* plaintiffs were apprised of their responsibilities under Rule 56, Fed.R.Civ.P. The plaintiffs subsequently filed identical pleadings in opposition to the defendant's motion which fail to raise any genuine issue of fact or to establish any foundation for their current actions against defendant Best.

2. Although it is a close case, I cannot conclude that the plaintiffs' claim under the Constitution and federal statutes is clearly immaterial, made solely for the purpose of obtaining jurisdiction,

or wholly insubstantial and frivolous. *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1945). Accordingly, it is proper to assume jurisdiction over these cases and to rule on the defendant's motion for summary judgment on the merits. *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981).

3. As the defendant notes in his brief in support of his motion for summary judgment, even if the plaintiffs could sustain their actions against

■ After due consideration, I conclude that the plaintiffs' causes of action against James E. Best cannot be sustained. The plaintiffs cannot recover the tax withheld by their employer as agent of the government by suing James Best. James Best is also the improper defendant against whom to challenge the general constitutionality of employer withholding. Any cause of action that the plaintiffs have would be against the government itself.[4] *Dupont Glore Forgan, Inc. v. American Telephone and Telegraph Co.,* 428 F.Supp. 1297 (S.D.N. Y.1977), *aff'd,* 578 F.2d 1367 (2d Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 465, 58 L.Ed.2d 431 (1978); *see John L. Burns, Inc. v. Gulf Oil Corp.,* 268 F.Supp. 222, 223 (N.D. Ga.1967).

Accordingly, since it appears the defendant is entitled to judgment as a matter of law in each of the above-styled cases, the defendant's motion for summary judgment as to all nine cases is hereby GRANTED.

ORDER ENTERED at Augusta, Georgia, this 22nd day of April, 1983.

their employer, Walsh Construction Company, their decision to name James Best as defendant would be problematic.

4. It is, of course, fundamental that the government cannot be sued except as it consents to be sued. *See Dalehite v. United States,* 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). I make no ruling on the scope of the government's sovereign immunity in relation to suits such as the present ones.